IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

November 1, 2010

RE: TERRY NELSON V. MICHAEL D. KLOPOTOSKI, ETAL
CA No. 09-6025

**NOTICE**

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Angell, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: LINDA V. JERRY, Deputy Clerk

cc: NELSON
KOVACH

Courtroom Deputy to Judge Schiller

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY NELSON [GT-4393] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL D. KLOPOTOSKI, et al., | : | NO. 09-CV-6025 |

## ORDER

AND NOW, this _____ day of _____, 2010, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, IT IS HEREBY **ORDERED** that:

1. The Report and Recommendation is **APPROVED and ADOPTED.**

2. The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is **DENIED and DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES.**

There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
BERLE M. SCHILLER,                J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY NELSON [GT-4393] | : | CIVIL ACTION |
| v. | : | |
| MICHAEL D. KLOPOTOSKI, et al., | : | NO. 09-CV-6025 |

## REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE  October 28, 2010

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at the State Correctional Institute ["SCI"] in Dallas, Pennsylvania, where he is serving a sentence of four years and ten months to thirteen years imprisonment for forgery and related charges. For the reasons which follow, it is recommended that Mr. Nelson's habeas petition be dismissed without prejudice for failure to exhaust state remedies.

## BACKGROUND[1]

On January 30, 2004, Petitioner Terry Nelson was convicted by jury of forgery, access device fraud and theft by deception. He was sentenced on August 31, 2004, by the Honorable Ann Osborne of the Delaware County Court of Common Pleas, to an aggregate sentence of 46 to 156 months imprisonment, to be followed by five years probation. *Appendix to Commonwealth's Answer to Habeas Petition* [Doc. 8]: Exhibit "D" (Trial Court's November 30, 2005 Opinion) at p. 1.

---

[1] The facts in this discussion have been taken from Mr. Nelson's habeas petition, the Commonwealth's Answer (with an appendix of exhibits), Petitioner's response in opposition and the state court record.

The trial court described the underlying facts as follows:

"The evidence presented at trial established that on December 22, 2002, the Defendant filed an application for and obtained a Kohl's Department Store credit card under the name of Mark Abrams. Mr. Abrams did not give Defendant permission to open this credit card account and testified at trial that he had lost his wallet about one month prior to the fraudulent opening of this account. The lost wallet contained items of identification including a driver's license. When apprehended, Defendant had in his possession the driver's license belonging to Mr. Abrams with his picture taped over Mr. Abrams' original picture.

At trial the Commonwealth presented testimony from the Kohl's Department store employee who processed the application submitted by Defendant. She positively identified the Defendant as the person who submitted the fraudulent application. As well, the employee had been suspicious of Defendant's 'driver's license' because it appeared altered. She alerted security and they activated a camera focused on the Defendant. Because of her suspicions she also contacted her manager for advice. The manager approved the credit application based upon Mr. Abrams' excellent credit rating; and a credit card with a credit limit of fifteen hundred dollars was issued to the Defendant under the name of Mark Abrams. The application process was captured on videotape and at trial the Commonwealth played the security camera tape. The tape corroborated the employee's testimony. The Defendant, in the company of a young woman, then purchased several items of clothing and jewelry with the fraudulent credit card. He was apprehended outside the department store in possession of merchandise valued at seven hundred six dollars and seven cents, the Kohl's credit card and the altered driver's license.

The Defendant testified about the events at Kohl's. He admitted to the jury that he placed a small picture of himself over the victim's driver's license photo and presented this identification to a Kohl's employee. He admitted that he requested credit approval. He acknowledged that he fraudulently obtained credit by using another man's identification without permission and agreed that he made purchases with the credit card. He acknowledged that he was apprehended outside the store. He confirmed the arresting officer's version of the events and admitted that he said, 'you got me' when apprehended. He disagreed with two trivial and inconsequential events of the day in question while admitting to facts sufficient to establish all of the elements of the crimes.

During his testimony, the Defendant apologized to the Court and the jury for using their time and resources and attempted to blame the prosecutor for the fact that the case had proceeded to a jury trial. He explained that the prosecutor did not offer him a 'fair sentence' in plea negotiations and this dissatisfaction was his only basis for requesting a jury trial. He insisted that he appear before the jury, dressed in prison clothing."

*Id.* at pp. 1-3.

Petitioner filed a timely direct appeal to the Pennsylvania Superior Court, raising the following issues:

1) Whether the trial court abused its discretion in sentencing [Petitioner] in the aggravated range of sentencing as well as giving consecutive sentences for each charge?
2) Whether the trial court erred in calculating [Petitioner's] prior record score leading to an increased sentence for [Petitioner]?
3) Whether the trial court violated Pa. Rule of Criminal Procedure 704 in substantially delaying [Petitioner's] sentencing until 8/31/04 despite conviction date of 1/30/04?

*Appendix:* Exhibit G (November 13, 2006 Superior Court Opinion) at p. 3.

The Pennsylvania Superior Court denied Petitioner's direct appeal and affirmed the lower court's judgment of sentence. It determined that the first sentencing claim was waived, and rejected the remaining two claims on the merits. *Id.* at pp. 4-14.

On October 14, 2008, Mr. Nelson filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. *Allocatur* was denied on February 24, 2009. *Appendix:* Exhibits "H" and "I."

On November 17, 2009, Mr. Nelson sought collateral review under the Pennsylvania Post Conviction Relief Act ["PCRA"], 42 Pa.C.S. §9541 *et seq.* In his PCRA petition he alleges:

" The trial judge sentenced the Petitioner to an aggregate sentence of 4 years 10 months to 13 years in prison plus 5 years probation. In doing so, the trial judge applied the statutory maximum. Defense counsel was ineffective for failing to properly raise before the trial court the claim that the trial judge erred in imposing a sentence above the aggravated range and that the trial judge failed to give adequate reasons for the sentence imposed. Defense counsel was ineffective for failing to properly present the claim. Petitioner contends that the retroactive application of the 1997 Amendments of the Sentencing Guidelines is a per se violation of the Ex Post Facto Clause."

*Appendix:* Exhibit "J" (PCRA Petition) at p. 3.

Counsel was appointed on February 3, 2010. Petitioner filed a motion to have counsel removed so he can proceed *pro se*. *Id.*: Exhibits "K" and "L." The motion was granted on April 22, 2010. Petitioner's PCRA petition is, as of the date of this Report and Recommendation, still pending before the PCRA Court.[2]

On December 18, 2009, Mr. Nelson filed the instant *pro se* petition for federal habeas corpus relief. He raises the following two claims for review:

> 1. Whether the trial court erred in calculating Petitioner's prior record score and sentence pursuant to the sentencing guidelines by treating his convictions as a "spree" rather than a "single transaction?"
>
> 2. Whether the sentence imposed violated the Ex Post Facto Clause of the Federal Constitution?

*Habeas Petition* [Doc. 1] at p. 8 [reverse side].

In its response to the habeas petition, the Commonwealth argues that the instant habeas petition should be dismissed as the claims raised have not been exhausted in the state system. *Commonwealth's Answer* [Doc. 7] at p. 4.

Mr. Nelson has filed a response to the Commonwealth's answer, arguing that because he "raises a claim affecting the length of his confinement and sentence, such claim must be made in a habeas corpus petition." *Opposition to Respondent's Answer* [received in chambers on March 30, 2010] at p. 4.[3] It is Mr. Nelson's position that his claims "were not given full and fair hearing in the state court, [. . . and], thus, Petitioner's claims were neither developed nor resolved in the state courts and the federal court must do so." *Id.* at p. 3.

---

[2] On October 28, 2010, I obtained a docket from the Delaware County Court of Common Pleas in case CP-23-CR-0002804-2003. The Order granting Petitioner's motion to withdraw representation was the last entry on the docket.

[3] I have forwarded Petitioner's opposition papers to the Clerk's Office to be docketed, but a document number has not yet been assigned.

# DISCUSSION

I. **Exhaustion/Procedural Default.**

*A. Legal Standards.*

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the state courts. *Castille*, 489 U.S. at 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court. *Picard*, 404 U.S. at 275 (1971); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002)(*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts ... and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

A federal court may also **deny** a habeas petition on the merits notwithstanding the petitioner's failure to exhaust state remedies. 28 U.S.C. §2254(b)(2). *See Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996).

An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no additional state remedies available to pursue the issue. *Wenger v. Frank*, 266 F.3d 218, 223-224 (3d Cir. 2001)(when a claim has not been fairly presented to the state courts, but further state court review is clearly foreclosed under the state law, the claim is procedurally defaulted and may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default), *cert. denied*, 122 S.Ct. 1364 (2002).

Procedural default may be excused if the habeas petitioner can show "cause" for the default and "prejudice attributable thereto," or demonstrate that the failure to consider his claim will result in a "fundamental miscarriage of justice." *Wenger*, 266 F.3d at 224 and *McCandless*, 172 F.3d at 260.

### B. Petitioner's Claims Are Unexhausted.

All of Petitioner's habeas claims are the subject of a timely filed PCRA petition which is pending before the state court. Because Mr. Nelson has not exhausted his state remedies, federal habeas review is not available at this time.

If Petitioner does not obtain the relief he is seeking in state court, he must appeal the denial of PCRA relief to the Pennsylvania Superior Court **before** filing a new habeas petition in this federal forum. Once he has fully exhausted his constitutional claims, Petitioner may refile

for federal habeas relief, so long as he adheres to the AEDPA statute of limitations provision. See 28 U.S.C. §2244(d)(1)[4].

Because the claims in Mr. Nelson's habeas petition have not been exhausted in the state court system, and there is a state court remedy available, I make the following recommendation.

### RECOMMENDATION

For the reasons stated above, it is recommended that Mr. Nelson's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT PREJUDICE to refile, if appropriate, after he exhausts his state court remedies. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

Date: 10-28-2010
By Fax and/or Mail: See the Attached List

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

---

[4] A habeas petition must be filed within one year of the date on which the petitioner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time seeking such review. See 28 U.S.C. §2244(d)(1).
  The AEDPA amendments include a tolling provision which excuses certain qualified periods of time while the statute of limitations period runs. Statutory tolling includes "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. §2244(d)(2). A PCRA petition only tolls the statute of limitations if it is filed while the habeas statutory period is running, and only if it is properly filed.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Robert N.C. Nix, Sr. Federal Building, Suite 211
900 Market Street
PHILADELPHIA, PENNSYLVANIA 19107-4228

**Chambers of**
**M. FAITH ANGELL**
**United States Magistrate Judge**

P: (215) 597-6079
F: (215) 580-2165

## *FAX / MAIL COVER SHEET*

CASE NO. 09-6025

DISTRICT COURT JUDGE: BMS
267-299-5073

TODAY'S DATE: October 28, 2010

LAW CLERK'S INITIALS: JJK

**VIA FAX:**

A. SHELDON KOVACH, ESQ.

610-892-0677

**VIA U.S. MAIL:**

TERRY NELSON
GT-4393
SCI-DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612

************ -COMM. JOURNAL- ************ DATE OCT-29-2010 ***** TIME 11:20 ******

```
         MODE = MEMORY TRANSMISSION        START=OCT-29 11:16     END=OCT-29 11:20

         FILE NO.=648

    STN    COMM.   ONE-TOUCH/  STATION NAME/TEL NO.                PAGES      DURATION
    NO.            ABBR NO.

    001    OK      a           2672995073                          009/009    00:01:16
    002    B-OK    a           6108920677                          009/009    BATCH
```

-HON. M. FAITH ANGELL

************************** -215 580 2165 - ***** - 215 580 2165- **********

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY NELSON [GT-4393] | : CIVIL ACTION |
| v. | : |
| MICHAEL D. KLOPOTOSKI, et al., | : NO. 09-CV-6025 |

## ORDER

AND NOW, this ____ day of _____, 2010, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, IT IS HEREBY ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is **DENIED and DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES.**

There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
BERLE M. SCHILLER, J.